IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FABIAN RODRIGUEZ,

    Petitioner,                    No. CIV S-09-3205 GEB DAD P

    vs.

M. MARTEL,

    Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On February 7, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire

/////

/////

1

file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

   Accordingly, IT IS HEREBY ORDERED that:

   1. The findings and recommendations filed February 7, 2011, are adopted in full;

   2. Petitioner's application for a writ of habeas corpus is denied; and

   3. For the reasons set forth in the February 7, 2011 findings and recommendations, the court declines to issues a certificate of appealability in this case.

Dated: March 16, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Petitioner argues for the first time in his objections that the translation provided by Detective Robles during his interrogation was not accurate and that he was entitled to a "certified" and "competent" interpreter. (Objections, at 4-8.) The court notes that in the petition, petitioner characterizes the transcript of his interrogation as "presumptively-correct" and "essentially undisputed." (Pet. at 30.) Petitioner's argument that he was entitled to a different interpreter is unexhausted and lacks merit in any event. There is no evidence before the court that the translation provided by Detective Robles was inaccurate in any significant respect, that petitioner was prejudiced by faulty translation, or that petitioner did not understand the substance of the interrogation. Accordingly, any such claim should be denied.